UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-160-GCM

| CYNTHIA E. PRESSLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 14), the Commissioner's Motion for Summary Judgment (Doc. No. 18), and Plaintiff's Response (Doc. No. 21). Having carefully considered the parties' filings and the administrative record, the Court enters the following findings, conclusions, and order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Social Security Income, alleging an onset date of April 1, 2004. (Administrative Transcript at 100-11, 924-26, 932-40). Plaintiff's claims were denied both initially and on reconsideration (Tr. at 54-56, 927, 941-42); thereafter, hearings were held before an administrative law judge ("ALJ") on April 24, 2009 and June 18, 2009, (Tr. at 2341-55, 2356-78). On September 23, 2009, the ALJ issued a decision denying Plaintiff's claims for benefits. (Tr. at 312-26). In September 2010, Plaintiff filed a request for review with the Appeals Council, amending her alleged onset date to March 26, 2008.

(Tr. at 332-34). On March 11, 2001, the Appeals Council issued an order remanding the case to the same ALJ. (Tr. at 330-31). On December 16, 2011, after conducting another hearing, (Tr. at 2379-409), the ALJ issued a second decision denying Plaintiff's claim for benefits, (Tr. at 22-40). Plaintiff's subsequent request for review was denied by the Appeals Council, (Tr. at 15-18), making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II. Legal Standard

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind might accept as adequate to support a conclusion" and is "more than a mere scintilla . . . , but may be somewhat less than a preponderance." *Id*. at 1456; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The very language of section 405(g) precludes the Court from reviewing a final decision of the Commissioner *de novo*; it is the responsibility of the ALJ and not the courts to make findings of fact and to resolve conflicts of evidence. *See* 42 U.S.C. § 405(g); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). The Court cannot substitute its judgment for that of the Commissioner, even if the Court would have decided differently, so long as the ALJ's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v). In this case, the ALJ determined Plaintiff was not disabled at the fifth step of the sequential evaluation process.

### III. Discussion[1]

Specifically, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since March 26, 2008. (Tr. at 28). At the second step, the ALJ found that Plaintiff suffered from several severe impairments, including insulin-dependent diabetes mellitus, status post-tibia/fibula fractures—well healed, back and joint pain, status post-surgery for trigger fingers, attention deficit disorder, adjustment disorder, and personality disorder. (*Id.*) At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that equaled a listing in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. at 29).

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

The ALJ then found that Plaintiff had the RFC to perform a limited range of light work with a number of specifications: lifting no more than 35 pounds occasionally and 15 pounds frequently; no driving vehicles on the job; no working at heights; no working alone; no work with or around hazardous equipment; no rotating shift work; with restrictions from safety-sensitive jobs and jobs requiring vigilance or management of a high flow of information. (Tr. at 30). The ALJ then determined that Plaintiff was unable to perform any past relevant work, (*see* Tr. at 38), but that there were jobs in sufficient numbers in the national economy that Plaintiff could perform, (*see* Tr. at 39).

Plaintiff presents the following issues for the Court's consideration: (1) whether the Commissioner failed to adhere to 20 C.F.R. § 404.977 and the remand order of the Appeals Council; (2) whether the Commissioner failed to fully develop the record; (3) whether the Commissioner failed to consider Claimant's impairments in combination; (4) whether the Commissioner failed to apply regulation correctly in his credibility assessment; (5) whether the Commissioner's RFC assessment was compliant with applicable law or supported by substantial evidence; and (6) whether the Commissioner erred in weighing opinion evidence. Because the Court finds sufficient cause to remand this matter, it will not address all of Plaintiff's assignments of error.

### A. Remand Order & Treatment of Medical Opinion Evidence

Plaintiff argues at length that the ALJ failed to comply with the remand order of the Appeals Council and otherwise improperly evaluated the medical opinions in the record. In connection with her request for review (Tr. at 332-34), Plaintiff appears to have submitted four documents of new evidence to the Appeals Council, which included statements from David

Humphrey, M.D. and treating orthopedic surgeon Kenneth Graf, M.D. (Tr. at 335-42). The Appeals Council reviewed this information and then vacated the ALJ's 2009 decision explicitly because "[n]ew evidence has been received." (*See* Tr. at 330). It remanded the case to the ALJ because "[e]valuation of these opinions is needed[,]" and instructed the ALJ to:

> Give further consideration to the claimant's maximum residual functional capacity during the entire time period at issue and provide rationale with specific references to evidence of record in support of assessed limitations . . . . In so doing, evaluate the treating and nontreating source opinions . . . and *explain the weight given to such opinion evidence*.

(*Id.* (emphasis added)). It further instructed the ALJ to "[o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base," and to "offer the claimant an opportunity for a hearing, address the evidence which was submitted with the request for review, take any further action needed to complete the administrative record and issue a new decision." (Tr. at 331).

Plaintiff contends that the ALJ failed to comply with these instructions, notably because he failed to explain the weight given to several opinions as required by the Appeals Council order. Plaintiff correctly notes that, even in the absence of a remand order, the ALJ is required to "explicitly indicate[] the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). This is important because otherwise, the reviewing Court "cannot determine if the findings are unsupported by substantial evidence." *Id.*

In evaluating Plaintiff's physical functioning, the ALJ stated that he had given the "greatest weight" to the opinion of Dr. Theron Blickenstaff, a non-examining physician who determined that Plaintiff had an overall exertional limit of lifting no more than 35 pounds occasionally and 15 pounds frequently. (*See* Tr. at 37, 32). Dr. Blickenstaff further stated that he was "not able to put

5

a specific limit on standing and walking based on the objective evidence in the record." (Tr. at 2404). The ALJ also gave Dr. Susan Bland, a certified internist, and the state agency medical consultants "significant weight in that they are generally consistent with the findings of the undersigned." (Tr. at 37). Dr. Bland determined that Plaintiff could lift 20 to 30 pounds occasionally and 10 to 15 pounds frequently, and placed no limitations on standing or walking. (Tr. at 31). The state agency consultants likewise determined that Plaintiff was capable of performing medium exertion. (Tr. at 32).

The physicians who examined and treated Plaintiff, however, came to different conclusions. For example, Dr. Kenneth Graf, a treating orthopedic surgeon, determined that Plaintiff could lift less than 10 pounds, stand and walk 1-2 hours at a time for a total of 4 hours in an 8-hour work day, sit 4 hours at a time or as tolerated for a total of 4 hours a day, and occasionally bend and stoop. (*See* Tr. at 330, 335-37). He also noted that Plaintiff had "severe trigger fingers" for which she had been referred to a hand surgeon. (Tr. at 338). Dr. David Humphrey, who examined Plaintiff for a chronic leg wound, found that she had intermittent edema and required "periodic leg elevation as needed for edema control." (Tr. at 330, 342).

In dealing with these opinions, the ALJ first noted that Dr. Humphrey's indication of the need for periodic elevation "is not supported by his own examination of the claimant on that date," and noted that subsequent examinations reflected healing of the leg wound and no indication of edema. (Tr. at 37). The ALJ then stated: "Likewise, for these same reasons, Dr. Graf and Ms. Price's assessments in 2009 of extreme limitations in physical functioning and Dr. Abbott's assessment of September 19, 2011 are rejected by the undersigned." (*Id.*) Notably, the order fails to assign any weight to these opinions, despite a specific instruction from the Appeals Council to

6

do just that. (*See* Tr. at 330); *see also* S.S.R. 96-2p ("[T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, . . . and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions . . . ."). The ALJ's failure to specifically assign weight to these opinions leaves the Court unable to fully evaluate whether his findings are supported by substantial evidence. Moreover, while the ALJ did provide a brief explanation for his treatment of these opinions, the section of the order in which they are discussed is noticeably devoid of cites to the record, such that the Court is not certain what specific evidence the ALJ relied upon to "reject" these opinions. As such, the Court will remand this case to Administration so that it may assign and more fully explain the weight given to the medical opinions in the record.

### B. Functional Analysis

The ALJ is solely responsible for determining the residual functional capacity of a claimant. 20 C.F.R. § 404.1546(c). In determining RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. S.S.R. 96-8p. Completing this assessment requires that the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. *See* S.S.R. 96-8p. "Only after that may [RFC] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Id.*

Plaintiff notes that the ALJ failed to conduct a function-by-function analysis of her limitations, as required by S.S.R. 96-8p. The Commissioner appears to acknowledge this, but argues that "such an omission does not warrant remand where—as in the instant case . . . —the

7

ALJ's findings are supported by substantial evidence." (Doc. No. 19 at 16 (citing *Lusk v. Astrue*, No. 1:11-cv-196, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013)). However, for the reasons previously stated, the Court is unable to conclude that the Commissioner's decision is in fact supported by substantial evidence. The Court is also mindful of a recent decision from the Fourth Circuit instructing that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, No. 13-2088, 2015 WL 1219530, at *3 (4th Cir. Mar. 18, 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). In this regard, Plaintiff notes that the ALJ's failure to conduct a function-by-function analysis was "[e]specially prejudicial" in that "he did not assess limitations from both arthritis in, and a diabetes-related condition (trigger finger) of, her dominant hand which required surgery" and "'most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.'" (Doc. No. 14-1 at 28 (quoting S.S.R. 83-10)). The Court also notes that the contradictory evidence in the record about Plainitff's exertional capacity[2] and ability to sit and stand for prolonged periods of time would especially benefit from the kind of functional analysis envisioned in S.S.R. 96-8p. Thus, the Court finds that the ALJ's apparent failure to conduct a function-by-function analysis in this situation was error, and that remand is therefore appropriate.

---

[2] The Court further observes that the RFC determination appears to be internally inconsistent. The ALJ found that Plaintiff was restricted to "a limited range of light work," yet also found that she could lift 35 pounds occasionally and 15 pounds frequently. (*See* Tr. at 30). 20 C.F.R. § 404.1567(b) instructs that "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."

8

## IV. Conclusion

For the foregoing reasons, the Court is unable to conclude that the Commissioner's decision in this case is supported by substantial evidence. As such, the Court will vacate the Commissioner's determination and remand this matter for a new hearing and further consideration consistent with this order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. No. 18) is **DENIED**, the Commissioner's decision is **VACATED**, and this matter is **REMANDED** for a new hearing and further consideration consistent with this order.

**SO ORDERED.**

Signed: March 30, 2015

*/s/ Graham C. Mullen*

Graham C. Mullen
United States District Judge